**Khamviliane PHONEKEO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72962.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2007.*

Filed June 18, 2007.

James A. Stanton, Esq., Stanton Clay Chapman Crumpton & Iwamura, Honolulu, HI, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Karon V. Johnson, Esq., San Francisco, CA, USHA–Office of the U.S. Attorney, Hagatna, GU, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Khamviliane Phonekeo petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming Immigration Judge Dayna Beamer's ("IJ") denial of Ms. Phonekeo's application for asylum.[1] Ms. Phonekeo argues that the IJ erred in determining that she had failed to establish past persecution on account of her membership in a particular social group or for an imputed political opinion. Consequently, Ms. Phonekeo also maintains the IJ erred when she did not require the Government to rebut the presumption that Ms. Phonekeo held a well-founded fear of future persecution. We grant the petition for review because we conclude that the IJ failed to make specific findings regarding past persecution.

## I

Ms. Phonekeo applied for asylum in 1992. She was ordered into removal proceedings on May 30, 2003, based on her concession that she had been admitted to the United States in 1990, but remained beyond the time allowed by her nonimmigrant temporary visitor visa, in violation of 8 U.S.C. § 1227(a)(1)(B). The basis of her asylum application was that she had suffered past persecution on account of her membership in a particular social group

consisting of teachers who worked prior to the Laos People's Revolutionary Party ("LPRP") takeover of Laos. Ms. Phonekeo asserts that she was presumed to be disloyal by the new regime. On January 30, 2004, the IJ found Ms. Phonekeo removable and denied her petition for asylum, withholding of removal, and petition for protection under CAT. Ms. Phonekeo appealed to the BIA on March 1, 2004. The BIA adopted and affirmed the opinion of the IJ. Ms. Phonekeo filed a timely petition for review in this Court, requesting review of only her application for asylum. This Court has jurisdiction over this appeal pursuant to 8 U.S.C. §§ 1252(b)(2) and (d).

## II

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir. 2006) (citing *Kebede v. Ashcroft,* 366 F.3d 808, 809 (9th Cir.2004)). "Findings made by the IJ are reviewed for substantial evidence and will be upheld 'unless the evidence compels a contrary conclusion.'" *Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003) (quoting *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090–91 (9th Cir. 2000)). "Thus, we must uphold the IJ's determination if it is supported by reasonable, substantial, and probative evidence in the record." *Zehatye,* 453 F.3d at 1185 (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ms. Phonekeo does not challenge the denials of her requests for withholding of removal and relief under the Convention Against Torture ("CAT"). She also does not challenge

the denial of her application for asylum based on her claim of persecution on account of "her father having been half-Chinese and half Laotian." Thus, these claims are deemed abandoned. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

## III

Ms. Phonekeo claims that she is eligible for asylum because she was persecuted in Laos on account of her membership in a particular social group and her imputed political opinion. To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A). "Since there was no express adverse credibility finding by the IJ, we assume that [Ms. Phonekeo's] factual contentions are true." *Zehatye*, 453 F.3d at 1185 n. 5 (citing *Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000)).

Ms. Phonekeo asserts that her yearly extra-judicial detention in Laos demonstrates past persecution. She argues that such past persecution was on account of her membership in a social group of "school teachers from the former regime." In the alternative, she contends that the past persecution was on account of an imputed political opinion. Specifically, Ms. Phonekeo contends that the LPRP imputed upon her a political opinion that aligned her with the "old regime."

In her opinion, the IJ failed to determine whether any of the events described by Ms. Phonekeo equaled "persecution" and, if so, whether such persecution was on account of her membership in a social group or an imputed political opinion. Specifically, the IJ stated

[i]t is difficult to find that her experience was "on account of" being an old-regime loyalist. Rather, it appears to be due to the government having access to groups of people that they could force into agricultural work as part of their collectivization scheme for the agriculture of the country.

However, the IJ continued to conduct further analysis of Ms. Phonekeo's claim, stating that

[i]f the respondent is given the benefit of the doubt of past persecution based on a protected ground, the Court finds that what she experienced was bad, but was not so egregious that she would qualify for asylum simply based on the extent of the past persecution because the Department of Homeland Security has presented probative evidence that there is little likelihood of present persecution. This case is distinguishable from *Matter of Chen* . . . .

The Supreme Court has stated that "[a] court of appeals 'is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.'" *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). "Rather, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Fla. Power*, 470 U.S. at 744, 105 S.Ct. 1598).

The IJ's failure to make an express determination of whether Ms. Phonekeo suffered past persecution on account of a protected ground precludes us from undertaking meaningful judicial review of the merits of the order. The law entrusts the agency to make this asylum eligibility decision. *See* 8 U.S.C. § 1158(b)(1)(A). The IJ found that Ms. Phonekeo did not establish a well-founded fear of future persecution because she did not meet "the burden of proof for the objective basis to establish" such fear. However, if, as the IJ assumed without deciding, Ms. Phonekeo proved past persecution, the burden was on the Government, not Ms. Phonekeo, to demonstrate by a preponderance of the evidence that there has been a fundamental change in circumstances such that she no longer has a well-founded fear of perse-

cution, or that she could avoid future persecution by relocating to another part of Laos. Accordingly, we GRANT the petition for review, and remand to the agency for a determination of the merits of the persecution question.

**GRANTED and REMANDED.**